**ANDREW JOHN CALCAGNO** (AC 3085)
Attorney At Law
404 Manor Road
Staten Island, New York 10314
(718) 815-0200

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------X

RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 COMMERICAL HEALTH CARE FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 174 RETAIL PENSION FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 SAFETY, EDUCATION, CULTURAL AND LEGAL FUNDS,

    Petitioners,

    -against-

KUROWYCKY MEAT PRODUCTS, INC. a/k/a KUROWYCKY MEAT PRODUCTS,

    Respondent.

---------------------------------------X

Case No. 07-cv-7801(SAS)(MHD)
ECF CASE

**PETITION TO CONFIRM ARBITRATION AWARD**

The Petitioners, Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 342 Commercial Health Care Fund; Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 174 Retail Pension Fund; and Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 342 Safety, Education, Cultural and Legal Funds; by and through their attorney, Andrew John Calcagno, as and for their Petition, respectfully allege as follows:

**NATURE OF ACTION**

1. This is an action to confirm one (1) labor arbitration award issued by William Clarke dated July 25, 2007.

2. Jurisdiction of this Court is invoked pursuant to the Employee Retirement Income Security Action of 1974, 29 U.S.C. 1132(a) ("ERISA"), ERISA section 502, Section 301(a) of the Labor-Management Relations Act of 1974 29 U.S.C. 185(a) the "Act", and Section 9 of the United States Arbitration Act, 9 U.S.C. Section 9.

3. Venue is properly laid in this Judicial District pursuant to 29 U.S.C. 185(a) and 1132 and 9 U.S.C. Section 9.

## **PARTIES**

4. Petitioner, Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 342 Commercial Health Care Fund (the "342 Health Care Fund"), is a fiduciary empowered to bring this action on behalf of the 342 Health Care Fund within the meaning of ERISA section 502. The 342 Health Care Fund is an employee welfare benefit plan within the meaning of ERISA Section 2. The 342 Health Care Fund was established and is maintained by UFCW Local 174 Affiliated Funds Amalgamated Meat Cutters Employees of Greater New York (the "Union") and various Employers for the purpose of providing health care coverage and other benefits to members of the Union working for various Employers, including the Respondent herein. The 342 Health Care Fund maintains places of business at 540 West 48th Street, New York, New York 10036 and 166 East Jericho Turnpike, Mineola, New York 11501.

5. Petitioner, Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 174 Retail Pension Fund (the "174 Pension Fund"), is a fiduciary empowered to bring this action on behalf of the Pension Fund within the meaning of ERISA section 502. The 174 Pension

Fund is an employee benefit plan within the meaning of ERISA Section 2. The 174 Pension Fund was established and is maintained by the Union and various Employers for the purpose of providing pension benefits to members of the Union working for various Employers, including the Respondent herein. The 174 Pension Fund maintains places of business at 540 West 48th Street, New York, New York 10036 and 166 East Jericho Turnpike, Mineola, New York 11501.

6. Petitioner, Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 342 Safety, Education, Cultural and Legal Funds (the "342 SEC and Legal Funds"), is a fiduciary empowered to bring this action on behalf of the 342 SEC and Legal Funds within the meaning of ERISA section 502. The 342 SEC and Legal Funds are employee benefit plans within the meaning of ERISA Section 2. These Funds were established and are maintained by the Union and various Employers for the purpose of providing security and legal benefits to members of the Union working for various Employers, including the Respondent herein. These Funds maintain places of business at 540 West 48th Street, New York, New York 10036 and 166 East Jericho Turnpike, Mineola, New York 11501.

7. The 342 Health Care Fund, the 174 Pension Fund, and the 342 SEC and Legal Funds are collectively hereinafter referred to as the "Funds".

8. Respondent, Kurowycky Meat Products, Inc. a/k/a Kurowycky Meat Products ("Kurowycky" and/or the "Employer"), is an Employer within the meaning of ERISA and is bound by a collective bargaining entered into between the Petitioners and the Respondent. The Respondent's principal place of business is 124 1st Avenue, New York, New York 10009.

9. The Union and the Employer are parties to a written collective bargaining agreement (the "Agreement"), which sets forth the wages, hours and conditions of employment for members of the Union working for the Employer.

10. Pursuant to the provisions of the Agreement, the Employer is obligated to make certain monthly contributions to the Funds to provide health care benefits, pension, legal and security benefits to its employees.

11. Pursuant to the provisions of the Agreement, the Employer agreed to be bound by the Declarations and other documents of the Funds, and authorized the Funds to maintain an action on their own behalf to collect contributions due and owing to the Funds.

12. In pertinent part, the Agreement further provides that disputes between the Union and the Employer are to be resolved by arbitration and that the award of the arbitrator is final and binding and enforceable in any court of competent jurisdiction.

13. Pursuant to the provisions of the Agreement, if the Employer fails to make contributions to the Funds in a timely manner, the Funds are entitled to recover from the Employer the outstanding contributions to the Funds plus interest, liquidated damages, reasonable attorney's fees, court costs and disbursements.

14. From on or about May 2007 through June 2007 the Employer has failed to make some or all of the contributions to the Funds as required by the Agreement.

15. The amounts owed by the Employer, for such contributions in accordance with the Arbitration Award dated July 25, 2007 (the "Award") is as follows:

- Local 342 Health Care Fund         $ 2,736.00
- Local 342 Pension Fund             $ 1,872.00
- Local 342 SEC and Legal Funds      $     56.00
- Interest @ 18% per annum           $ 1,896.00
- Liquidated Damages @ 20%           $    932.80
- Attorney's Fees                    $    800.00

- Arbitration Fees          $ 800.00

    **TOTAL**          **$ 7,196.80**

16. The total amount owed by the Employer to the Funds, Attorney's Fees, interest, liquidated damages, and Arbitration Fees for such contributions in accordance with the Award during the above-referred periods is **$7,196.80**. *See* the Award, a copy of which is attached hereto as **Exhibit A**, and made a part hereof.

### JULY 25, 2007 ARBITRATION PROCEEDINGS AND AWARD

17. After notice was duly given to the Employer, Arbitrator Clarke conducted a hearing with regard to the Petitioners' claims for contributions. There was no appearance made on behalf of the Employer. During the hearing, the Arbitrator received proof relating to Contributions due and owing by the Employer to the Funds.

18. On July 25, 2007, Arbitrator Clarke issued his award, a copy of which is annexed hereto as **Exhibit A.** In pertinent part, the Arbitrator found that the Employer violated the Agreement by failing to make contributions to the Funds for the period of May 2007 through June 2007.

19. The Arbitrator found that the Employer was obligated to pay a total of **$7,196.80** to the Funds.

20. Although the Funds have demanded that the Employer comply with the Award, the Employer has refused and has failed to pay the foregoing amounts.

21. None of the foregoing amounts have been paid by the Employer and the Employer is not entitled to any credits or offsets.

**WHEREFORE,** the Petitioners respectfully request an Order and Judgment:

    a.    confirming the Arbitration Award by William Clarke dated July 25, 2007 and directing the Respondent to pay **$7,196.80** to the Petitioners;

    b.    granting the Petitioners their costs and legal fees in bringing this action pursuant to ERISA § 1132(g)(2); and

    c.    for such other and further relief as this Court may deem just, proper and equitable.

Dated: Staten Island, New York
        August 29, 2007

                /S/
**ANDREW JOHN CALCAGNO (AC 3085)**
*Attorney At Law*
*Attorney for the Petitioners*

*Main Office*
213 South Avenue East
Cranford, NJ 07016
Tel: (908) 272-7300
Fax: (908) 272-5577

*Satellite Office*
404 Manor Road
Staten Island, New York 10314
Tel: (718) 815-0200